UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVY HOTEL SAN DIEGO, LLC *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOUSTON CASUALTY COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil No. 10cv2183-L(CAB) <br><br> **ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND GRANTING LEAVE TO AMEND** |

  Plaintiffs Ivy Hotel San Diego, LLC and Kelly Hospitality, LLC filed an insurance coverage action against Defendant Houston Casualty Company. Plaintiffs base subject matter jurisdiction on 28 U.S.C. Section 1332. (Compl. at 3.) Because Plaintiffs failed to adequately allege subject matter jurisdiction, the action is **DISMISSED WITH LEAVE TO AMEND**.

  The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001). Plaintiffs allege that each is organized and existing under the laws of the State of California and has its principal place of business in the State of California. (Compl. at 3.) Plaintiffs are limited liability companies, and this is insufficient to properly allege their citizenship.

The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by examining the citizenship of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Plaintiffs do not allege the citizenship of each of their respective members. Accordingly, Plaintiffs failed to adequately allege their citizenship.

Because the complaint does not allege the facts necessary to establish diversity as required by 28 U.S.C. Section 1332, the complaint is dismissed for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. Section 1653, Plaintiffs are granted leave to file an amended complaint to supplement the jurisdictional allegations. If Plaintiffs choose to file an amended complaint, they must do so no later than **November 4, 2010**.

**IT IS SO ORDERED.**

DATED: October 21, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY A. BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL