1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10<br>11<br>12<br>13<br>14<br>15<br>16 | IVY HOTEL SAN DIEGO, LLC, a<br>California limited liability company, and<br>KELLY HOSPITALITY, LLC, a<br>California limited liability company,<br><br>            Plaintiffs,<br><br>       v.<br><br>HOUSTON CASUALTY COMPANY,<br><br>           Defendant. |
| 17 | AND RELATED COUNTERCLAIMS. |
| 18 | |

CV NO.  10cv2183-L(BGS)

**ORDER: (1)  GRANTING JOINT MOTION FOR PROTECTIVE ORDER; (2) PROTECTIVE ORDER AS MODIFIED BY THE COURT**

[Doc. No. ]

19          This matter has come before the Court on a joint motion of the parties.  The parties

20  anticipate that, during the course of this proceeding and any related appeals, the parties and

21  potentially certain non-parties may disclose certain trade, financial, business and litigation

22  information that may be of a confidential and/or proprietary nature, and/or may otherwise be

23  privileged.  The parties also have agreed and asserted that they seek entry of this Protective Order

24  ("Order") in order to protect the confidentiality of such information and documents, and to

25  thereby ensure that the parties can obtain and pursue discovery with a minimum of delay and

26  expense.

27  /////

28  /////

1306/001/1461975.2

Based on the parties joint submission, the Court finds that there is good cause for restricting the disclosure and use of documents identified in this Order as "Confidential Material," as defined below.

Accordingly, IT IS HEREBY ORDERED as follows:

## DEFINITIONS

1.      "Confidential Material" means all documents and/or information which (a) are designated as "confidential" by the Designating Party (as defined below) in good faith, (b) have not been disseminated or made public previously in a manner inconsistent with a claim of confidentiality, and (c) the Designating Party reasonably and in good faith believes contain or comprise information that (i) is protected under applicable law, (ii) represents trade secrets, proprietary or confidential business information or (iii) the disclosure of which would violate a personal, financial or other interest protected by law and would cause serious harm that outweighs the public interest in the disclosure of the information.

2.      "Producing Party" means any party or non-part who produces documents and/or information in connection with this litigation.

3.      "Designating Party" means (i) any Producing Party who identifies any documents and/or information this it produced as Confidential Material and/or (ii) any party that identifies, as Confidential Material, any documents and/or information provided to it by others, including other parties to this litigation, for use in this litigation.

## DESIGNATION OF CONFIDENTIAL MATERIAL

4.      This Order provides for the confidential treatment of Confidential Material produced during discovery in this action.  Designation of material as Confidential Material shall constitute a certification by the Designating Party that the Designating Party has a reasonable, good-faith belief that the designated material meets the definition of "Confidential Material" set forth in Paragraph 1 above.

5.      Material that may be designated Confidential Material includes all documents, tangible things, testimony or other information produced or made available in the course of discovery in this action, including:  (a) documents produced in response to requests for the

1306/001/1461975.2

production of documents or subpoenas; (b) responses to requests for admissions; (c) responses to interrogatories, including documents used in preparing such responses; (d) transcripts of depositions, trial testimony and excerpts thereof, including exhibits thereto; (e) other responses or affidavits in connection with discovery requests, motions, or other filings in this action; (f) excerpts or summaries of any of (a) – (e) above and all copies thereof; and (g) all pleadings, briefs, memoranda.

6.      a.      With respect to 2 (a)-(f) above, the Designating Party shall designate a document as Confidential Material by stamping or otherwise marking each page of documents as "confidential" and/or by marking the documents or information with some other similar legend (the "Confidentiality Notation").  If any documents are produced prior to the entry of this Order, marking such documents "confidential" and notifying all other parties of the "confidential" marking shall be considered sufficient to designate the documents as Confidential Material.  The Designating Party shall make such designations at the time it first produces or otherwise disseminates such document to the parties.  Documents that are only made available for inspection in response to a request for production need not be marked with the Confidentiality Notation.  However, a Designating Party shall mark with the Confidentiality Notation those documents that are confidential or contain confidential information that are copied for an opposing party following an inspection.

b.      If a Designating Party identifies as Confidential Material information or documents provided by others, that Designating Party will provide notice in writing within thirty (30) days following receipt of the information or documents.  That notice shall identify, by page number, bates-label, or other appropriate means, the information or documents designated as Confidential Material.  In addition, the Designating Party shall provide copies of the newly designated Confidential Material that bear the Confidentiality Notation to all other parties or non-parties who had received such material without the Confidentiality Notation.

c.      Designation of deposition transcripts or portions of a deposition transcript, including exhibits, that contain Confidential Material shall be made by a statement to such effect on the record in the course of the deposition or by written notification by the Designating Party to

1   the court reporter and to all parties within fourteen (14) days following receipt of the transcript of

2   such deposition and/or the exhibits thereto by the Designating Party (or later with leave of Court).

3   If any deposition transcript or portion thereof, including exhibits, is designated as Confidential

4   Material, the Confidentiality Notation shall be placed by the reporter on the original and each

5   copy of the transcript, and the transcript shall identify the pages of the deposition and/or the

6   exhibits designated as Confidential Material.

7         d.    If all or part of a videotaped deposition is designated as Confidential

8   Material within the time periods referenced above, both the transcript and the video cassette or

9   other videotape container shall be labeled with the Confidentiality Notation.

10            <u>INADVERTENT PRODUCTION OF A PRIVILEGED DOCUMENT</u>

11         7.    If a Producing Party discovers that it inadvertently produced information or

12   documents that it considered to be privileged, work product, and/or otherwise protected from

13   production in whole or in part ("privileged material"), the producing party or non-party may

14   retrieve such privileged material or parts thereof as follows:

15         a.    The Producing Party must give written notice to all counsel for the other

16   parties that the producing party claims said document, in whole or in part, to be privileged

17   material and must state the nature of the privilege; and, if only a portion of said document is

18   claimed to be privileged, the Producing Party shall designate the privileged portion(s).  If said

19   document was produced on CD-ROM, the Producing Party shall provide a copy of the CD-ROM

20   without images of said document.

21         b.    Upon receipt of such notice, all parties who have received copies of the

22   documents identified in the notice shall either (1) promptly return the CD-ROM containing

23   images of the document (if applicable) and all copies of the document, or destroy the CD-ROM

24   and all copies of the document, and send a written response to the Producing Party confirming

25   that all copies in their possession and control have been either returned to the Producing Party or

26   destroyed, and not make any use of the contents of the allegedly privileged material, or (2) within

27   10 days of receipt of said notice advise all parties and any affected non-party in writing that they

28   are disputing the claim of privilege and provide the basis for the dispute.

c.      Within ten (10) days after written notice of a dispute is provided, the parties and any affected non-party, if applicable, shall meet and confer to discuss the assertion of privilege and attempt to arrive at a consensual resolution.

d.      Should the parties and any affected non-party, if applicable, be unable to reach a resolution, the Producing Party shall, within three (3) days of the conclusion of the meet and confer process, follow the Court's Chambers' Rules regarding discover disputes and set up a joint call to discuss the dispute with the research attorney assigned to the case. Failure to bring such a dispute to the Court's attention within three (3) days constitutes a waiver of the claim of privilege unless the parties agree otherwise in writing to a longer time period.  The meet and confer process shall be deemed concluded upon written notice from any affected party or non-party that they are terminating the meet and confer process---but in no event may the meet and confer process take more than 21 days from the date written notice of the dispute is provided.

e.      The inadvertent production of a document subject to a privilege or protection shall not operate as a waiver of the applicable privilege or protection.

## INADVERTENT PRODUCTION WITHOUT A DESIGNATION AS
## CONFIDENTIAL MATERIAL

8.      If a Designating Party inadvertently produces documents and/or information that it considers to be Confidential Material without having designated the documents and/or information as such, the production of such documents and/or information shall not operate as a waiver of confidentiality.  Within fourteen (14) days of the date of discovery of the inadvertent production of such material (or later with leave of Court), the Designating Party must give written notice to all parties that the Designating Party claims that the material is confidential, in whole or in part.  Upon receipt of this notice, all parties who have received a copy of these materials shall mark them as Confidential Material in accordance with Paragraph 6 of this Order and shall thereafter treat these materials as subject to this Order.

## USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL

9.      Confidential Material shall be used or disclosed solely in connection with this action and in accordance with the terms of this Order.

1       10.    Except upon the prior written consent of the Designating Party, parties to whom

2   Confidential Material is disclosed shall not disclose Confidential Material except as expressly

3   authorized in this Order.

4       11.    Confidential Material shall not be disclosed to any persons other than the

5   following, to whom it may be disclosed only in connection with this action, and only in

6   accordance with the provisions of Paragraph 12 below:

7       a.    Counsel to the parties in this action and their associates, paralegals, and

8   support staff;

9       b.    A party's officers, directors, in-house counsel, employees, former

10   employees, committee members, court-appointed representatives, and agents;

11       c.    Experts or consultants (including their employees, associates and support

12   staff) retained by a party in connection with this action;

13       d.    Deponents and witnesses, but only during or in discussion of possible

14   examination of such persons, and in connection with preparation therefore, and court reporters

15   and their personnel;

16       e.    A third party to whom a party is legally obligated or to whom it has a

17   preexisting contractual obligation in the ordinary course of business to make disclosure of the

18   information or documents designated as Confidential Material, except for the entities listed in (f)

19   below;

20       f.    Insurers, reinsurers, reinsurance intermediaries, and/or retrocessionaires of

21   Defendant HCC with regard to the policy at issue in this action;

22       g.    Commercial photocopying firms used by a party to this action to assist in

23   discovery; and

24       h.    The Court and its personnel.

25       12.    Confidential Material shall not be disclosed to the persons or entities described in

26   Paragraphs 11(c), (e), and (f) unless and until such parties agree in writing to be bound by this

27   Order by executing the "Confidentiality Agreement" attached to this Order as Exhibit A, and only

28   if the party or attorney disclosing the Confidential Material retains the executed "Confidentiality

1   Agreement" so that the Agreement may be submitted to the Court for an in camera inspection in

2   the event of a dispute between the parties regarding the disclosure of Confidential Material.  Prior

3   to the disclosure of Confidential Material to the persons or entities described in Paragraphs 11(a),

4   (b), and (d), and (g), the disclosing party shall inform such persons or entities of the terms of this

5   Order, provide them with a copy of this Order, inform them that they are bound by the terms of

6   this Order, and inform them that the Confidential Material may not be disclosed, except as

7   provided in this Order, without the written permission of the Designating Party that produced the

8   Confidential Material in this proceeding.

9        13.     Briefs, affidavits, and other documents constituting, containing, referring to,

10   summarizing or quoting (collectively, "revealing") Confidential Material shall bear the

11   Confidentiality Notation on the face thereof and on each internal page revealing Confidential

12   Material.  No party shall file such materials with the Court unless the Designating Party has had

13   the opportunity to seek Court permission to file such materials under seal, and no document shall

14   be filed under seal unless counsel secures a court order allowing the filing of a document under

15   seal.  An application to file a document under seal shall be served on opposing counsel, and on

16   the person or entity that has custody and control of the document, if different from opposing

17   counsel.  If opposing counsel, or the person or entity who has custody and control of the

18   document, wishes to oppose the application, he/she must contact the chambers of the judge who

19   will rule on the application, to notify the judge's staff that an opposition to the application will be

20   filed.  If an application to seal is granted, documents filed under seal must be in a sealed envelope

21   marked with the caption of the case, the title of the document, and the Confidentiality Notation as

22   described above.  Within three (3) business days of a party's filing documents under seal, the

23   party shall also file on the public record a copy of the documents in which the Confidential

24   Material is redacted.  Alternatively, if the redactions are so extensive as to render the documents

25   useless to the reader, the party shall file in the public record a notice of the filing of the

26   documents under seal in their entirety.  Nothing in this paragraph shall prevent a Designating

27   Party from filing, in the public record, material that it designated as Confidential Material;

28   provided, however, that if a

-7-

PROTECTIVE ORDER                                    10CV2183-L(BGS)

1306/001/1461975.2

1  Designating Party does so, the Confidential Material will cease to be Confidential Material under

2  this Order.

3         14.    All redactions to public copies of documents shall be made solely to the extent

4  necessary to preserve the confidentiality of the Confidential Material and in accordance with

5  (a) the public policy in favor of public access of judicial records and documents and (b) any

6  directions by the Court in the order(s) granting the application to seal.

7         15.    If any party disputes the designation by any Designating Party of any document or

8  information as Confidential Material, the disputing party shall serve a written notice of objection

9  to such designation upon the Designating Party, with copies to every other party, no later than

10  fourteen (14) days after receiving the document marked Confidential.  Such notice shall identify

11  specifically the material or information that the disputing party contends does not qualify as

12  Confidential Material, and the notice shall set forth the reasons for that contention.  The

13  Designating Party and the disputing party(ies) shall attempt to resolve by agreement the question

14  of whether or on what terms the document or information is entitled to treatment as Confidential

15  Material.  If the parties are unable to agree, within two weeks after the notice, as to whether the

16  Designating Party should have designated the document or information as Confidential Material,

17  the disputing party may seek a court order determining whether, or on what terms, the document

18  or information is entitled to confidential treatment.  The fact that the party disputing the

19  designation has the burden of initially seeking a court order does not alter or affect the burden of

20  persuasion on the ultimate issue of whether the document or information is entitled to confidential

21  treatment.  The designated materials in question shall continue to be treated as Confidential

22  Material subject to the terms of this Order until the Court acts on the motion.

23         16.    Any party may request permission to disclose Confidential Material to a person

24  other than those permitted by Paragraph 11 by serving a written request upon counsel for the

25  Designating Party, setting forth the information or materials the party wishes to disclose, the

26  person to whom the party wishes to disclose the information or materials, and the reason for the

27  proposed disclosure.  If consent is withheld, or the party seeking to make disclosure and the

28  Designating Party are unable to agree on the terms and conditions of disclosure, the party seeking

1    to make disclosure may submit the matter to the Court for resolution.  The designated

2    Confidential Materials shall not be disclosed until the Court acts on the motion.

3        17.    Nothing in this Order shall be construed in any way to control the use,

4    dissemination, publication, or disposition (a) by a party of its own documents or information,

5    (b) by a party of documents or information existing in the files of that party prior to the date of

6    the Order, or (c) by a party of documents or information received at any time by that party outside

7    the course of this litigation.  The privileged or confidential status, if any, of such documents or

8    information shall not be determined by the terms of this Order.

9        18.    Nothing in this Order shall operate to require the production of information or

10   documents that are privileged or otherwise protected from discovery.

11       19.    A party's designation of materials as Confidential Material, its failure to designate

12   material as Confidential Material, or its failure to object to another party or non-party's

13   designation of materials as Confidential Material, shall not operate as an admission that any

14   particular document or information is or is not (a) confidential, (b) privileged, or (c) admissible in

15   evidence at trial.

16                        EFFECT AND DURATION OF ORDER

17       20.    This Order shall survive the termination of this action and expiration of all rights

18   of appeal and shall continue in full force and effect thereafter.  Upon the termination of this action

19   and the expiration of any and all appeals from this action, all persons or entities that have

20   received Confidential Material shall within thirty (30) days: (a) return to counsel for the

21   Designating Party all such Confidential Material, including all copies, prints, summaries and

22   other reproductions of such information, (b) destroy all Confidential Material, including all

23   copies, prints, summaries and other reproductions of such information, and certify to counsel for

24   the Designating Party that they have destroyed all unreturned Confidential Material.  To the

25   extent that a party is dismissed from this action prior to the entry of a final order, such party shall

26   comply with the requirements set forth in (a) or (b) above within thirty (30) days after the

27   expiration of any and all appeals from such party's dismissal.  All parties shall have the right to

28   maintain a set of correspondence, pleadings, depositions, trial transcripts, exhibits and one copy

-9-

PROTECTIVE ORDER                     10CV2183-L(BGS)

1   of all documents produced in this matter so long as such materials are stored, and the

2   confidentiality of such materials is preserved, in conformity with this Order.  Where a party has

3   provided Confidential Material to a retained expert or consultant or any other person or entity, it

4   shall be the responsibility and obligation of both the party and the person or entity to whom the

5   Confidential Material was provided to return or destroy the Confidential Material, if requested to

6   do so by the Designating Party.  This paragraph does not apply to the copies of Confidential

7   Material that have been submitted to and are in the possession of the Court.  The Court will retain

8   jurisdiction for 120 days after the termination of this action to enforce the terms of this Order.

9       21.     Within thirty (30) days after this action has been closed, copies of Confidential

10  Material that have been submitted to and/or are in the possession of the Court shall be destroyed.

11  Any such action by the Court pursuant to this paragraph must be preceded by an ex parte motion

12  for an order authorizing the destruction of all Confidential Material.

13      22.     In the event disclosure of any Confidential Material is sought from anyone subject

14  to this Order pursuant to a lawful subpoena, demand by governmental authority, court order or

15  any other legal process, such person or entity shall, upon receipt of such request, notify the

16  Designating Party by electronic mail or facsimile, of the request for disclosure.  Under no

17  circumstances may production take place before notice is sent.  The Designating Party may then

18  seek to prevent disclosure by filing a motion for protective order or by taking another appropriate

19  action within seven (7) days of the notice.  If the Designating Party takes such action, the

20  Confidential Material shall not be disclosed until the motion or other action is resolved.

21      23.     The Court may modify the terms and conditions of this Order for good cause, or in

22  the interest of justice, or on its own order at any time in this action.

23      24.     This Order shall not act as a shield for any person or entity to refuse to disclose

24  any information that it is, by law or rule, obligated to disclose.

25      25.     Without a separate court order, this Order does not change, amend, or circumvent

26  any court rule or local rule.

27  /////

28  /////

1306/001/1461975.2

26. The requirements of this Order shall apply to any materials produced in this action before and after the date that this Order is entered.

DATED: May 19, 2011

_____

HONORABLE BERNARD G. SKOMAL
United States Magistrate Judge
United States District Court

-11-
PROTECTIVE ORDER                                    10CV2183-L(BGS)

1306/001/1461975.2

EXHIBIT A
CONFIDENTIALITY AGREEMENT

I have reviewed the Protective Order ("Order") entered by the United States District Court for the Southern District of California in *Ivy Hotel San Diego, LLC  v. Houston Casualty Co.*, Case No. 10cv2183-L(BGS) (S.D. Cal.).  I understand that pursuant to the Order, materials produced through discovery in the above litigation that have been designated "Confidential" may not be used or disclosed except as expressly authorized in the Order.  I hereby agree to abide by the terms of the Order and to refrain from using or disclosing materials that have been designated "Confidential" except as expressly authorized in the Order.

Date: _____

Signature: _____

Printed Name: _____

1306/001/1461975.2